# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER DOTY, | : | |
|     Plaintiff | : | |
| | : | No. 3:16-cv-2340 |
| v. | : | |
| | : | (Judge Rambo) |
| G. MILLER, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

## I. BACKGROUND

Christopher Doty (Plaintiff) initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 while confined at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville). Plaintiff's action was initially assigned to The Honorable Richard P. Conaboy of this Court. Since Judge Conaboy recently passed away, this matter was reassigned to the undersigned.

Service of the Complaint was previously ordered. Defendants initially responded to the complaint by filing a motion to dismiss. The Defendants' motion was later deemed withdrawn by Order of Judge Conaboy dated January 31, 2018.

On November 26, 2018, Chief Judge Christopher Conner issued a verbal Order transferring this matter to the undersigned. A notice of that Order which was mailed to the Plaintiff at SCI-Frackville was returned as undeliverable with a notification indicating that Doty was no longer confined at that facility. (See Doc. No. 18.)

## II. DISCUSSION

M.D. Pa. Local Rule 83.18 provides that a pro se litigant has an affirmative obligation to keep the court informed of his or her address and must immediately inform the court if his or her address changes in the course of the litigation.

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. See Federal Rule of Civil Procedure 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). Although Doty has apparently left SCI-Frackville, he has not advised this Court of either his release from that facility nor provided it with his current address. Consequently, he has clearly failed to comply with the requirements of Local Rule 83.18.

In addition, Doty has not made any filings whatsoever in this matter since the submission of a jury trial demand in January, 2017.[1] Based upon those circumstances, it appears that Plaintiff is no longer interested in pursuing his pending claims.

---

[1] Periodic partial filing payments were made from Plaintiff's prison account, the last one being made on July 30, 2018.

Moreover, Doty's failure has prevented this matter from proceeding. The inability of this Court to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal of the action. See Poulis v. State Farm, 747 F. 2d 863 (3d Cir. 1984). Since Plaintiff's present whereabouts are unknown, it would be a waste of judicial resources to allow this action to continue.

Based on the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted. An appropriate Order will enter.

    s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: December 4, 2018